IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Larry Griffin,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | C.A. No._____ |
| v. | § | |
| | § | |
| **ICS, Inc.,** | § | |
| | § | |
| Defendant. | § | (JURY TRIAL DEMANDED) |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff, Larry Griffin, filing his Original Complaint complaining of Defendant, ICS, Inc., and in support thereof would show as follows:

**I.**
**JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over the causes of action alleged by Plaintiff pursuant to the Age Discrimination and Employment Act ("ADEA").

2. Larry Griffin currently resides in Alvin, Texas. Plaintiff is sixty-four years old, as such, he is protected by the Age Discrimination and Employment Act. Plaintiff was at all relevant times an employee within the meaning of the aforementioned applicable statute.

3. ICS, Inc. operates in Texas. Defendant was at all times Plaintiff's employer within the meaning of the aforementioned applicable statute.

4. ICS, Inc. engaged in an industry affecting commerce and employed more than fifteen (15) regular employees.

5. The employment practices alleged to be unlawful herein were committed within the Southern District of Texas. Venue is appropriate in the Southern District of Texas.

**VICARIOUS LIABILITY--RESPONDEAT SUPERIOR**

6. Whenever in this complaint it is alleged that Defendant ICS, Inc. did any act or thing, it is meant that Defendant ICS, Inc.'s supervisors, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of Defendant ICS, Inc. or was done in the normal and routine course and scope of employment of Defendant ICS, Inc.'s supervisors, agents, servants, employees, or representatives.

7. The acts of management including but not limited to General Foreman Adrian "Rocky" Garcia and Project Manager Donald Teague were performed while in the employment of Defendant ICS, Inc., to further Defendant ICS, Inc.'s business, to accomplish the objective for which these supervisory employees were hired, and within the course and scope of that employment or within the authority delegated to these employees. They were given supervisory authority over Plaintiff. As such, they were given complete day-to-day control over the work conditions, duties, and all other aspects of Plaintiff's employment.

## II.
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission on or about January 5, 2016. In that Charge, No. 460-

2016-01135, and any amendments and/or attachments thereto, Plaintiff asserted that Defendant discriminated against him because of his age and in retaliation for opposing same.

9. The EEOC concluded its investigation and issued Plaintiff a right-to-sue letter. Plaintiff has exhausted his administrative remedies and file this suit within the statutory limitations period.

### III.
### FACTUAL BACKGROUND

10. Plaintiff is a sixty-four (64) year old. He began working for ICS, Inc. in or about June of 2012 as a pipe-fitter.

11. Plaintiff was subjected to offensive age-related slurs on a frequent basis. Stephen Edwards, a twenty-something year old expediter, routinely called Plaintiff an "old man." Mr. Edwards would say things like, "Old man, you are blind!" and "You can't hear, old man?" Mr. Edwards even questioned whether Plaintiff wore diapers. Mr. Edwards even threatened Plaintiff on numerous occasions with: "Shut up old man before I punch you in the face!" Plaintiff's peers and supervisor, James Russell, would erupt into laughter.

12. Plaintiff objected to the name-calling and even told Mr. Edwards that his conduct was tantamount to "age discrimination." Mr. Edwards just laughed.

13. On or about August 3, 2015, Plaintiff reported the age-related harassment to Human Resources.

14. On August 18, 2015, Plaintiff was disciplined allegedly for being absent on August 15 and 16, 2015.

15. Plaintiff was scheduled to work, and worked, August 10-13, 2015.

16.	Plaintiff was scheduled off August 14 and 15, 2015.

17.	Plaintiff requested to work overtime on August 14 and 15, 2015. General Foreman Adrian "Rocky" Garcia denied Plaintiff the opportunity to work those two days. In fact, Mr. Garcia told Plaintiff, "I make the schedule.  Keep your ass at home!"

18.	When Plaintiff returned to work, he was disciplined by Project Manager Donald Teague.

19.	Mr. Garcia told Plaintiff that he [Mr. Garcia] did not agree with Plaintiff being disciplined for attendance on August 18, 2015.

20.	Plaintiff also observed that he was now being assigned to work in extreme heat.

21.	Plaintiff was terminated on August 25, 2015 for allegedly using a grinder with one hand. Plaintiff was not grinding with one hand.

22.	The effect of the practices complained of herein have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his age and opposition to discrimination.

## IV.
## CAUSES OF ACTION

**A.	AGE DISCRIMINATION PURSUANT TO ADEA**

23.	Plaintiff incorporates by reference the allegations of the preceding paragraphs.

24.	Defendant, through it agents, supervisors, or employees violated Plaintiff's civil rights in violation of the ADEA.

25.	Defendant engaged in unlawful intentional discrimination against and harassment of plaintiff on the basis of his age.

26. Defendant's acts as alleged herein were motivated by and due to plaintiff's age.

27. Further, Defendant harassed Plaintiff in a willful manner.

**B.     RETALIATION PURSUANT TO ADEA**

28. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above and incorporate the same by reference as though fully set forth herein.

29. After complaining to Human Resources of age-motivated maltreatment, Plaintiff was subsequently and repeatedly harangued, disciplined, and ultimately terminated.

30. As herein alleged, Defendant illegally retaliated against Plaintiff because he opposed discrimination and complained of same.  Defendant had no legitimate business reasons for any of such acts.  Each act of retaliation is in violation of ADEA's anti-retaliation provisions.

31. As a direct and proximate result of Defendant's willful, knowing, and intentional discrimination and retaliation against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

32. The above-described acts on Defendant's part were undertaken in violation of ADEA and proximately caused Plaintiff's substantial injuries and damages.

**V.**
**JURY DEMAND**

33. Plaintiff's request that this action be heard before a jury.

**VI.**
**DAMAGES**

34. Defendant's conduct constitutes violations of statutory and/or common law.  Such unlawful conduct seriously affects Plaintiff in his occupation, trade and business.  Because of

Defendant's unlawful conduct, Plaintiff has suffered, suffers, and will continue to suffer humiliation, mental anxiety and stress, and other damages.  Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies, and procedures of Defendant.  Accordingly, Plaintiff seeks all general, special, incidental, exemplary, and consequential damages in an amount to be proved at trial.

35.     Because of Defendant's unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorney to represent him in these causes of action Plaintiff has agreed to pay his attorney reasonable attorney's fees for the preparation and trial of these causes, and further for any appeal thereof should same become necessary.

36.     Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve his ability to earn a living.  Accordingly, Plaintiff seeks all general, special, incidental, and consequential damages as shall be proven at trial.

37.     Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or, alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendant.  Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that Defendant do not promptly tender damages assessed against it and to avoid unjustly enriching Defendant.

## VII.
## PRAYER

WHEREFORE, premises considered, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

   a.   Permanent injunction enjoining Defendant, its agents, successors, employees, and those acting in consort with Defendant from engaging in any employment practice

which discriminates on the basis of age and in retaliation.

b. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, reinstatement or front pay in lieu of reinstatement, loss of earnings in the past, loss of earning capacity in the future, loss of benefits in the past, loss of benefits in the future, statutory relief at law, and equity;

c. Compensatory damages for pain and mental suffering in the past and future;

d. Punitive damages in an amount above the minimum jurisdictional limit of the Court;

e. Reasonable attorney's fees, with conditional awards in the event of appeal;

f. Pre-judgment interest at the highest rate permitted by law;

g. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

h. Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action; and

i. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,
Law Offices of Katrina Patrick

*/s/ Katrina Patrick*

_____

**Katrina Patrick**
Attorney-in-Charge
State Bar No. 00797218
Federal Bar No. 22038
2800 Post Oak Blvd #4100
Houston, Texas  77056
Telephone:  (713) 796-8218
Facsimile:  (832) 390-2499


Attorney for Plaintiff
Larry Griffin